UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROTH,<br><br>            Plaintiff,<br><br>    v.<br><br>CNR PRODUCTS, INC., *et al*.<br><br>            Defendants. | Case No.: 20-cv-0256-BJR<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

Currently before the Court is Plaintiff's motion for reconsideration of this Court's September 25, 2020 order granting Defendants' motion to dismiss Plaintiff's second amended complaint and denying Defendants' request for attorney's fees. Dkt. No. 27 (order); Dkt. No. 29 (motion). Having reviewed the motion, the record of the case, and the relevant legal authority, the Court denies the motion. The reasoning for the Court's decision follows.

**II.     DISCUSSION**

Motions for reconsideration are governed by Local Rule CR 7(h):

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

1

Local Rule CR 7(h)(1). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Natraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) (alteration in original). "Mere disagreement with a previous order is an insufficient basis for reconsideration." *Haw. Stevedores, Inc. v. HT & T Co.*, 363 F. Supp. 2d 1253, 1269 (D. Haw. 2005).

Plaintiff has not met this heavy burden. He raises no newly issued legal authority or newly developed factual evidence. He simply reargues issues that were thoroughly briefed and considered by the Court when it granted the Defendants' motion to dismiss the second amended complaint. While Plaintiff believes this Court erred in reaching its decision, he has not established manifest error. Disagreement with the Court's conclusion is not a sufficient basis upon which to grant a motion for reconsideration. *Haw. Stevedores*, 363 F. Supp. 2d at 1269. Thus, the motion for reconsideration must be denied.

### III. CONCLUSION

For the foregoing reasons, the Court HEREBY DENIES Plaintiff's motion for reconsideration (Dkt. No. 29).

Dated this 22nd day of October 2020.

*Barbara J. Rothstein*
Barbara Jacobs Rothstein
U.S. District Court Judge

2